# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| Shellena Alland<br>9442 Burlington Lane<br>Highlands Ranch, CO 80130<br><br>     Plaintiff;<br><br>     v.<br><br>Franklin R. Polun, DPM<br>10238 River Road<br>Potomac, MD 20854<br><br>and<br><br>National Capital Foot & Ankle Center, PC<br>5100 Wisconsin Avenue, NW<br>Suite 522<br>Washington, DC 20016<br><br>     Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: Case No. _____ |

## COMPLAINT

Plaintiff, by and through her attorneys, David J. Kaminow and MEISELMAN, SALZER, INMAN & KAMINOW, P.C., complains against the defendants, Franklin R. Polun and National Capital Foot & Ankle Center, PC, and for cause states:

1. At all times relevant hereto, plaintiff ("Plaintiff" or "Alland") was an adult citizen of Montgomery County Maryland.

2. Plaintiff now resides in Colorado at the above captioned address.

3. At all times relevant hereto, defendant National Capital Foot & Ankle Center, PC (the "Center") was a professional corporation licensed to practice podiatry, and practicing podiatry, in Maryland through its agents, servants, and/or employees, including, but not limited to, Franklin R. Polun, DPM (collectively the "Defendants").

4. At all times relevant hereto, defendant Franklin R. Polun, DPM ("Polun") was a doctor of podiatric medicine holding himself out to the public as a licensed medical provider capable of practicing medicine in Maryland with same degree of skill and care required of reasonable podiatrists in like or similar circumstances.

5. At all times relevant hereto, Polun was an agent, servant, and/or employee of the Center, acting within the scope of his agency, service and/or employment.

6. The amount in controversy is greater than $75,000.00.

7. Jurisdiction is proper in the United States District Court because the parties are citizens of different states and because the amount in controversy exceeds $75,000.

8. Venue is properly herein because the events complained of took place in Montgomery County, Maryland.

9. This claim was initially filed with the Health Care Alternative Dispute Resolution Office (the "HCADRO").  Pursuant to §3-2A-06 of the Courts and Judicial Proceedings Article of the Maryland code, that arbitration was subsequently waived. Attached hereto is a copy of the Election to Waive Arbitration, as well the Certificates of Merit and Reports of Dr. Scott Henry and Dr. Robert Pozos.

**FACTS COMMON TO ALL COUNTS**

10. Plaintiff hereby incorporates by reference the allegations of paragraphs 1 through 9 as though fully set forth herein.

11. On or about July 1, 2010, Alland first presented to Defendants, complaining of pain in her right foot.

12.     The Center, through its agent, servant, and/or employee, Polun initiated conservative treatment, including wearing rubber soled shoes, wearing shoes with a wide toe box, epsom salt, and other methods.

13.     The conservative treatment was continued through about January 26, 2011, when it was determined that Alland would undergo surgery to her right foot for tendon repair and arthroplasty with R-wire fixation.

14.     The aforementioned surgery was performed on Friday, February 25, 2011.

15.     On February 23, 2011, Polun prescribed Game Ready Compression Therapy ("Game Ready").

16.     "Game Ready" is a brand of ice therapy machine, which causes cold water to circulate through tubes to cool an affected area.

17.     Polun placed the relevant parts of the Game Ready machine under the bandages after the surgery was performed on Friday, February 25, 2011, leaving Plaintiff no way to adjust same.

18.     Following the surgery, Polun bandaged and casted Plaintiff's right foot, but the cast used was too tight.

19.     Polun subsequently orally advised Alland and her then husband on the proper technique for use of the Game Ready machine and instructed Plaintiff to return for follow up on Monday, February 28, 2011.

20.     On Monday, February 28, 2011, Plaintiff reported to Defendants as instructed.

21.     At that time, Dr. Polun noted that Plaintiff had "been using the Game Ready cryotherapy pump as instructed."

22. Polun further noted, however, that there was a "cyanotic appearance to all 5 toes, secondary to the cold therapy machine. However, the patient was totally unaware of this."

23. Despite the cyanotic appearance of all 5 toes, Polun did not instruct the Plaintiff to warm the affected toes, nor did he advise Plaintiff to rub the affected areas in an effort to warm them, nor did he otherwise advise Plaintiff with respect to the proper care and treatment of the cyanotic areas.

24. To the contrary, Polun applied a below the knee fiberglass cast, making it virtually impossible for Plaintiff to warm or rub the affected areas, or to otherwise properly treat the affected areas at home.

25. Despite the cyanotic appearance of all 5 toes, Polun did not, at that time, recommend a consultation with a vascular specialist.

26. As instructed, Plaintiff returned to the Defendants the following day, March 1, 2011.

27. At this time, Polun noted that the second toe was "deeply cyanotic" and that the "great toe [was] also still cyanotic."

28. Still, Defendant Polun failed to remove the hard fiberglass cast, but noted that it would be removed the following day.

29. On March 2, 2011, Plaintiff returned to Polun as instructed.

30. Polun noted that blisters had begun to form on the big toe.

31. Still, Polun did not remove the rigid fiberglass cast.

32. On March 3, 2011, Plaintiff saw a vascular surgeon.

33.  By this time, the vascular surgeon indicated that he was "pessimistic" about the viability of the great toe and the second toe.

34.  In May 2011, Plaintiff's big toe and second toe were amputated as a result of complications from the cyanosis.

### COUNT I
(Negligence - Defendant Polun)

35.  Plaintiff hereby incorporates the factual allegations of paragraphs 1 through 34 as though fully set forth herein.

36.  Defendant Polun owed Plaintiff Shellena Alland the duty of using that degree of skill and care required of podiatrists in like or similar circumstances.

37.  Defendant Polun was negligent and breached the standard of care in that he:

   a.  Negligently used a cryotherapy pump;

   b.  Negligently placed the cryotherapy pump during surgery;

   c.  Failed to properly and adequately perform the surgery and the consequent casting and bandaging that was performed on February 25, 2011;

   d.  Placed a hard cast on Plaintiff's foot after noting the toes in a cyanotic state;

   e.  Failed to instruct the Plaintiff to properly care for the affected area(s) after noting the cyanotic state;

   f.  Failed to send the Plaintiff for a vascular consult until days after noting the cyanotic state; and

      g.      Otherwise to be determined during discovery pursuant to the relevant rules of procedure.

38.    At no time was Plaintiff contributorily negligent.

39.    At no time did Plaintiff assume the risk of her injuries.

40.    As a direct and proximate result of the negligence of Defendant Polun as aforesaid, Plaintiff suffered serious and permanent injuries, including, but not limited to, the loss of two toes and other portions of her foot; physical and emotional pain and suffering in the past, present and future; mental anguish in the past, present, and future; emotional distress in the past, present and future; medical invoices in the past, present, and future; loss of wages and wage earning capacity in the past, present, and future; and other damages.

WHEREFORE, Plaintiff Shellena Alland respectfully demands judgment against Defendant Polun for compensatory damages in an amount in excess of the jurisdictional limits of seventy five thousand dollars ($75,000.00) plus interest and costs as allowable by law, and for whatever other and further relief may be required in the interest of justice.

### COUNT II
(Negligence - National Capital Foot & Ankle Center, PC)

41.    Plaintiff hereby incorporates by reference the allegations of paragraphs 1 through 40 above as though fully set forth herein.

42.    At all times relevant hereto, Defendant Polun was an agent, servant, and/or employee of Defendant Center, acting within the scope of his agency, service, and/or duties.

43. At all times relevant hereto, Defendant Center owed Plaintiff the duty of complying with the skill and care of other similar institutions in like or similar circumstances.

44. Defendant Center, acting through its agents, servants, and/or employees, including, but not limited to, Defendant Polun was negligent and breached the standard of care in that it:

   a. Negligently used a cryotherapy pump;

   b. Negligently placed the cryotherapy pump during surgery;

   c. Failed to properly and adequately perform the surgery and the consequent casting and bandaging that was performed on February 25, 2011;

   d. Placed a hard cast on Plaintiff's foot after noting the toes were in a cyanotic state;

   e. Failed to instruct the Plaintiff to properly care for the affected area(s) after noting the cyanotic state;

   f. Failed to send the Plaintiff for a vascular consult until days after noting the cyanotic state; and

   g. Otherwise to be determined during discovery pursuant to the relevant rules of procedure.

45. At no time was Plaintiff contributorily negligent.

46. At no time did Plaintiff assume the risk of her injuries.

47. As a direct and proximate result of the negligence of Defendant Center as aforesaid, Plaintiff suffered serious and permanent injuries, including, but not limited to, the loss of two toes and other portions of her foot; physical and emotional pain and suffering

in the past, present and future; mental anguish in the past, present, and future; emotional distress in the past, present and future; medical invoices in the past, present, and future; loss of wages and wage earning capacity in the past, present, and future; and other damages.

WHEREFORE, Plaintiff Shellena Alland respectfully demands judgment against Defendant Center for compensatory damages in an amount in excess of the jurisdictional limits of seventy five thousand dollars ($75,000.00) plus interest and costs as allowable by law, and for whatever other and further relief may be required in the interest of justice.

Respectfully submitted,

/S/ David J. Kaminow
David J. Kaminow, No. 12089
MEISELMAN, SALZER, INMAN & KAMINOW, P.C.
611 Rockville Pike, Suite 225
Rockville, MD 20852
301-315-9400

ATTORNEYS FOR PLAINTIFF

## JURY DEMAND

Plaintiff respectfully demands a trial by jury as to all matters to triable herein.

/S/ David J. Kaminow
David J. Kaminow

- 8 -

## CERTIFICATE OF SERVICE

I HEREBY Certify that on this 7th day of November, 2014, a copy of the foregoing Complaint was mailed, first class, postage prepaid, to:

Larry Waranch, Esquire
Waranch & Brown, LLC
1301 York Road, Suite 300
Lutherville, MD 21093

    /S/ David J. Kaminow
    David J. Kaminow